UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRUCE COPE o/b/o M.A.R.C.,

                            Plaintiff,

v.                                                       1:14-CV-00882
                                                      (MAD/TWD)

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                            Defendant.
_____

APPEARANCES:                               OF COUNSEL:

OFFICE OF PETER M. MARGOLIUS       PETER M. MARGOLIUS, ESQ.
Counsel for Plaintiff
7 Howard Street
Catskill, New York 12414


HON. RICHARD S. HARTUNIAN          FERGUS J. KAISER, ESQ.
United States Attorney for the           Special Assistant United States Attorney
  Northern District of New York
*Counsel for Defendant*
Room 218
James T. Foley U.S. Courthouse
Albany, New York 12207

OFFICE OF GENERAL COUNSEL          STEPHEN P. CONTE, ESQ.
Social Security Administration            Chief Counsel, Region II
26 Federal Plaza, Room 3904
New York, New York 10278

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## REPORT AND RECOMMENDATION

      This matter has been referred to the undersigned for report and recommendation by the Honorable Mae A. D'Agostino, United States District Judge, pursuant to 28 U.S.C. § 636(b)

(2016) and Northern District of New York Local Rule 72.3(d).

Plaintiff Bruce Cope, on behalf of his daughter M.A.R.C., is seeking judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of the Commissioner denying his claim for supplemental security income ("SSI") benefits for M.A.R.C. under Title XVI of the Social Security Act, as amended ("Act"). (Dkt. No. 1.) Presently before the Court is the Defendant Commissioner's motion to dismiss Plaintiff's complaint for untimeliness. (Dkt. No. 8.) For reasons explained below, the Court recommends that Defendant's motion to dismiss be granted and the complaint be dismissed.

## I.  BACKGROUND

Plaintiff protectively filed a Title XVI application for SSI benefits for M.A.R.C. on November 21, 2011. (Dkt. No. 8-3 at 21.[1]) The claim was initially denied on February 22, 2012. *Id*. Plaintiff thereafter filed a request for a hearing before an administrative law judge ("ALJ"), and a hearing was held on January 17, 2013. *Id*. On February 21, 2013, the ALJ issued a decision denying the claim for benefits for M.A.R.C. under Title XVI. *Id*. at 21-36. Plaintiff requested review of the denial by the Appeals Council, and on May 7, 2014, the Appeals Council issued its denial of Plaintiff's request for review. (Dkt. No. 1 at 2-5.) The May 7, 2014, notice from the Appeals Council advised Plaintiff that he had sixty days, starting the day after he received the notice, within which to file a civil action. *Id*. at 3. Plaintiff's complaint in this action was filed on July 18, 2014. (Dkt. No. 1.)

Roxie Rasey Nicoll ("Nicoll"), Chief of Court Case Preparation and Review Branch 4 of

---

[1] Page references to documents identified herein by docket number are to the numbers assigned by the CM/ECF docketing system.

2

the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration ("SSA"), submitted a Declaration in support of the Commissioner's motion to dismiss. (Dkt. No. 8-3 at 2-5.) In the Declaration, Nicoll has stated that the Appeals Council notice of it action on Plaintiff's request for review, was sent by mail to Plaintiff, with a copy to his representative, on May 7, 2014. *Id*. at 4.

In his response to the Commissioner's motion, Plaintiff, through his counsel, contends that although the Appeals Council notice is dated May 7, 2014, the postmark on the envelope shows that the notice was not mailed by the Appeals Council until May 12, 2014. (Dkt. Nos. 1 at 6; 9 at 1-2.) A copy of an envelope with the reference SSA0001E on the bottom and a May 12, 2014, postmark and postmark notation US OFFICIAL MAIL, is attached to Plaintiff's complaint as a part of the Appeals Council notice. (Dkt. No. 1 at 6.) There does not appear to be anything on the envelope specifically tying it to the Appeals Council notice in this case, and Plaintiff's response to the Commissioner's motion has not been submitted in the form of an affidavit or declaration by either Plaintiff or his counsel identifying it as the envelope in which the notice was sent. (Dkt. No. 9 at 1-2.)

According to Plaintiff's counsel, "[s]ince [the notice] was not date stamped upon receipt, we must assume it was received within 5 days which falls on the weekend and therefore received by our office on May 19, 2014." *Id*. at 2. Plaintiff's response papers are silent with regard to the date of Plaintiff's receipt of the Appeals Council notice, despite the language in 20 C.F.R. § 1481 stating that the sixty-day period within which to file an appeal in district court begins to run upon receipt of the Appeals Council denial by the claimant.

In her Reply Declaration, Nicoll, who had initially stated that the Appeals Council notice had been sent by mail on May 7, 2014 (Dkt. No. 8-3 at ¶ 3(c)), acknowledged that Plaintiff had provided evidence that the Appeals Council notice was not mailed until May 12, 2014. (Dkt. No. 10-1 at ¶ 3(e).) Nicoll stated that she was unaware of any request having been made for an extension of time to file a civil action as provided for in 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210 (Dkt. No. 10-1 at ¶ 3(f)), and Plaintiff has submitted no evidence of a request for an extension.

## II.     ANALYSIS

The United States and its agencies, including the SSA, have immunity from suit absent waiver. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The Act waives the SSA's sovereign immunity in limited circumstances. As to claims arising under Title XVI, federal courts may review "final decisions" of the SSA. *See* 42 U.S.C. § 405(g) & (h). Section 405(g) of the Act provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after mailing to him of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g); *Matsibekker v. Heckler*, 738 F.2d 79, 80-81 (2d Cir. 1984); *Velez v. Apfel*, 229 F.3d 1136 (2d Cir. 2000) (summary order). The sixty-day limit has been found by the Supreme Court to be a statute of limitations, and since the limit "is a condition on the waiver of sovereign immunity," it must be strictly construed. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986).

Section 405(h) limits judicial review to the review permitted under § 405(g). It mandates

that

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by a person, tribunal, or government agency except as herein provided.  No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

The Commissioner's regulation at 20 C.F.R. § 422.210(c) interprets "mailing" as the date of receipt by the individual of the Appeals Council's notice of denial of request for review of the ALJ's decision or the Appeals Council decision.  *See* 20 C.F.R. § 416.1481.  The date of receipt is presumed to be five days after the date of the notice, unless there is a reasonable showing to the contrary made to the Appeals Council.  *See* 20 C.F.R. § 416.1401; *Matsibekker*, 738 F.2d at 81.  When faced with a motion to dismiss on timeliness grounds, Plaintiff must provide affirmative evidence to make a "reasonable showing to the contrary" to rebut the presumption.  20 C.F.R. § 422.210(c); *Matsibekker*, 738 F.2d at 81 (finding plaintiff successfully rebutted the presumption of receipt within five days by showing that the notice of decision was not postmarked until seven days after the notice date); *Liranzo v. Comm'r of Soc. Sec.*, No. 07-CV-5074 (CBA), 2010 WL 626791, 2010 WL 62641, at * 1 (E.D.N.Y. Feb. 23, 2010) (plaintiff must present some affirmative evidence indicating that the actual receipt occurred more than five days after issuance), 411 F. App'x 390, 391-922 (2d Cir. 2011) *Otero v. Comm'r of Soc. Sec.*, No. 12-CV-1434 (WFK)(RLM), 2013 WL 1934074, at * 3 (E.D.N.Y. May 8, 2013) (to rebut the presumption, plaintiff must make a "reasonable showing by presenting some affirmative

evidence indicating that the actual receipt occurred more than five days after issuance") (citation and internal quotation marks and punctuation omitted). Once a claimant has successfully rebutted the presumption, the burden shifts to the Commissioner to establish that the claimant received actual notice.[2] *Matsibekker*, 738 F.2d at 81.

If the Appeals Council's May 7, 2014, denial notice had been mailed to Plaintiff and his counsel on the date of the notice, pursuant to 20 C.F.R. § 416.1401, the presumed date of receipt by Plaintiff would be May 12, 2014. Inasmuch as the Commissioner has not disputed Plaintiff's assertion that the notice was not mailed until May 12, 2014 (Dkt. No. 10 at ¶ 3(e)), the Court accepts May 12, 2014, as the date of mailing, despite Plaintiff's failure to submit affirmative evidence in the form of an affidavit or declaration tying the postmarked envelope to the Appeals Council notice.[3]

Unfortunately, given that this appeal involves the interests of a child, even if the Appeals Council notice of denial was not mailed until May 12, 2014, and, as Plaintiff has assumed based upon the absence of a date stamp, the notice was received by Plaintiff's counsel five days thereafter on Saturday May 17, 2014, Plaintiff's appeal was not filed until July 18, 2014, sixty-two days after receipt of the notice. Therefore, the complaint is untimely.

---

[2] As discussed above, Plaintiff has acknowledged actual receipt of the notice thus relieving the Commissioner of her burden.

[3] *See Myer v. Colvin*, No. 1:14-CV-883 (DNH/DEP), 2015 WL 224749, at * 3 (N.D.N.Y. Jan. 15, 2015) (finding that plaintiff failed to rebut the presumption of receipt where her complaint was unverified, and she submitted no affidavits, declarations or other evidence showing she did not received the notice).

Plaintiff has attempted to avoid dismissal of his appeal on timeliness grounds by arguing that since the notice was received on a weekend, the date of receipt for purposes of the sixty-day filing requirement was Monday, May 19, 2014, rather than Saturday, May 17, 2014, thus making the filing of the complaint on July 18, 2014, timely. (Dkt. No. 9 at 2.) Plaintiff has cited no authority for his position, and neither 42 U.S.C. § 405(g), nor 20 C.F.R. § 422.210(c), the regulation interpreting the section, provide that in the event the presumptive fifth day for receipt is a Saturday, Sunday, or holiday, the sixty-day limitation period begins to run on the next business day. *See Myer v. Colvin*, No. 1:14-CV-883 (DNH/DEP), 2015 WL 224749, at * 3 (N.D.N.Y. Jan. 15, 2015) (section 422.210(c) does not provide that the sixty-day limit begins running on the business day following a presumed Saturday receipt of a notice of denial).[4]

The Supreme Court has found that the sixty-day period in § 405(g) is subject to equitable tolling. *Bowen*, 476 U.S. at 479-80. The Second Circuit has held that "equitable tolling requires a showing of both extraordinary circumstances and due diligence."[5] *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (the doctrine of equitable tolling "permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that some

---

[4] As pointed out by the Commissioner (Dkt. No. 10 at 3), the SSA and regulations allow any "*act* . . . required [of a claimant] . . . which affects eligibility for or the amount of any benefit or payment . . . or is necessary to establish or protect any rights" to be performed on the first subsequent non-holiday workday, if the original deadline for that act falls on a Saturday, Sunday, or holiday. 42 U.S.C. § 1383(c)(3); 20 C.F.R. § 416.120(d). However, the presumption of receipt or actual receipt are not "acts" required of the claimant.

[5] The Second Circuit has held that failure of a retained attorney to timely file a social security complaint does not, without more, rise to the level of an extraordinary circumstance. *Torres v. Barnhart*, 417 F.3d 276, 280 (2d Cir. 2005).

'extraordinary circumstances stood in his way.'") (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  Plaintiff has neither sought equitable tolling nor presented evidence of due diligence and extraordinary circumstances in this case.  Because the sixty-day statute of limitations is a condition on the waiver of sovereign immunity and must be strictly construed, *Bowen*, 476 U.S. at 479, the Court cannot recommend equitable tolling absent clear evidence supporting it.

In light of the foregoing, the Court is compelled to recommend that the Commissioner's motion to dismiss Plaintiff's appeal as untimely be granted and the complaint be dismissed.

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that the Commissioner's motion to dismiss be **GRANTED** and that Plaintiff's complaint **BE DISMISSED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: October 19, 2016
       Syracuse, New York

_____
Therèse Wiley Dancks
United States Magistrate Judge