**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**BRUCE COPE o/b/o M.A.R.C.,**

                **Plaintiff,**

    vs.                                             **1:14-cv-00882
                                                      (MAD/TWD)**

**CAROLYN COLVIN,
Acting Commissioner of Social Security,**

                **Defendant.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**OFFICE OF PETER M. MARGOLIUS**       **PETER M. MARGOLIUS, ESQ.**
7 Howard Street
Catskill, New York 12414
Attorney for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **FERGUS J. KAISER, ESQ.**
**OFFICE OF REGIONAL GENERAL COUNSEL**
Region II
26 Federal Plaza, Room 3904
New York, New York 10278
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

### I. INTRODUCTION

On July 18, 2014, Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying his claim for supplemental security income ("SSI") benefits, filed on behalf of his minor daughter, M.A.R.C. *See* Dkt. No. 1. Defendant filed a motion to dismiss the complaint as untimely on November 18, 2014, which Plaintiff opposed. *See* Dkt. No. 8; Dkt. No. 9. By Report and Recommendation dated October 19, 2016, Magistrate Judge Thérèse Wiley Dancks recommended

that the Court dismiss the complaint as untimely. *See* Dkt. No. 12 at 8. No objections to the Report and Recommendation were filed.

## II. BACKGROUND

On November 21, 2011, Plaintiff protectively filed a Title XVI application for SSI benefits on behalf of his minor daughter, M.A.R.C.. *See* Dkt. No. 8-3 at 21. The claim was initially denied on February 22, 2012. *Id*. Plaintiff requested a hearing in front of an administrative law judge ("ALJ"), which occurred on January 17, 2013. *Id*. On February 21, 2013, the ALJ issued an unfavorable decision, determining that M.A.R.C. was not disabled as defined under the Act. *See id*. at 36. Plaintiff sought review of the ALJ's determination by the Appeals Council, which was denied on May 7, 2014. *See* Dkt. No. 1 at 5. In its Order, the Appeals Council informed Plaintiff that if he disagreed with its decision, he had sixty-days from the day he received the denial in which to file a civil action seeking judicial review of the Commissioner's decision. *Id*. at 3; Dkt. No. 8-2 at 2. Pursuant to the regulations, the date of receipt is presumed to be five days after the date of the notice, absent a reasonable showing to the contrary. 20 C.F.R. § 416.1401. Plaintiff filed the current action on July 18, 2014. Dkt. No. 1.

Defendant moved to dismiss Plaintiff's complaint as untimely, alleging that the sixty-day time period to file this action started running on May 7, 2014, the day the Appeals Council sent notice of its action to Plaintiff. *See* Dkt. No. 8-3 at 3-4. In opposition, Plaintiff alleges that although the notice itself is dated May 7, 2014, the envelope it was received in was postmarked May 12, 2014. *See* Dkt. No. 9 at 1-2. Therefore, Plaintiff contends, the date of presumed receipt would be five days after that date, on May 17, 2014. *See id.*; 20 C.F.R. § 416.1401. Further, Plaintiff asserts that because May 17, 2014 fell on a weekend, notice was not actually received

until May 19, 2014. *See* Dkt. No. 9 at 2. Under Plaintiff's calculation, "[t]his civil action was electronically filed on July 18, 2014, 60 days from the assumed receipt date, thus making it timely." *Id.*

In a Report and Recommendation dated October 19, 2016, Magistrate Judge Thérèse Wiley Dancks recommended that the Court grant the Commissioner's motion and dismiss the complaint as untimely. *See* Dkt. No. 12 at 8. Specifically, Magistrate Judge Dancks stated that "[t]he sixty-day limit has been found by the Supreme Court to be a statute of limitations, and since the limit 'is a condition on the waiver of sovereign immunity,' it must be strictly construed." Dkt. No. 12 at 4 (quoting *Bowen v. City of New York*, 476 U.S. 467, 479 (1986)). Further, Magistrate Judge Dancks determined that, even if it is accepted that the envelop was post-marked May 12, 2014, thus extending the date of presumed receipt to May 17, 2014, the complaint is nevertheless untimely. As noted by Magistrate Judge Dancks, there is no authority in either the statute or the regulations interpreting the statute for Plaintiff's contention that in the event the presumptive fifth day falls on a weekend or holiday, the sixty-day statute of limitations period begins to run the next business day. Dkt. No. 12 at 7; 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c). Finally, Magistrate Judge Dancks found that although the statute of limitations in § 405(g) is subject to equitable tolling, "Plaintiff has neither sought equitable tolling nor presented evidence of due diligence and extraordinary circumstances in this case." Dkt. No. 12 at 8.

### III. DISCUSSION

When a party files specific objections to a magistrate judge's report, the district court engages in a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). When a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he

presented] to the magistrate judge," the court reviews those recommendations for clear error. *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015) (quotation omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). However, failure to object timely to any portion of a magistrate's report operates as a waiver of further judicial review of those matters. *Roland v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

Having carefully reviewed the entire record in this matter and the applicable law, the Court finds that Magistrate Judge Dancks correctly determined that Plaintiff's complaint is untimely and that nothing in the record supports the application of equitable tolling. In *Myer v. Colvin*, No. 1:14-cv-883, 2015 WL 224749 (N.D.N.Y. Jan. 15, 2015), a factually identical case, the plaintiff raised the same arguments as those presently before the Court, which Judge Hurd rejected. By regulation, section 405(g) has been interpreted to require that judicial review "be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual [.]" 20 C.F.R. § 422.210(c). Accordingly, "[r]ather than commencing on the date notice of decision is [issued or] mailed to the claimant, the sixty day period starts from the time notice is received by the claimant." *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984) (emphasis omitted). "[T]he date of receipt ... is presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c); *Matsibekker*, 738 F.2d at 81.

For purposes of the pending motion, the Court will accept Plaintiff's assertion that the Appeals Council notice was not mailed until May 12, 2014, despite Plaintiff's failure to submit

4

any relevant evidence in support of this assertion. *See Myer*, 2015 WL 224749, at *3 (finding that the plaintiff failed to rebut the presumption of receipt where her complaint was unverified, and she submitted no affidavits, declarations or other evidence showing that she did not receive the notice). Even assuming the notice was mailed on May 12, 2014, and received by Plaintiff's counsel on Saturday, May 17, 2014, Plaintiff's appeal was not filed until July 18, 2014, sixty-two days after receipt of the notice. As correctly noted by Magistrate Judge Dancks, Plaintiff has failed to provide any support for his argument that, since the notice was received on a weekend, the date of receipt for purposes of the filing requirement was Monday, May 19, 2014. As the court held in *Myer*, neither 42 U.S.C. § 405(g), nor 20 C.F.R. § 422.201(c), supports the position that, in the event the presumptive five day for receipt is a Saturday, Sunday, or holiday, the sixty-day limitation period begins to run on the next business day. *See Myer*, 2015 WL 224749, at *3.

Finally, the Court finds that Magistrate Judge Dancks correctly determined that Plaintiff neither sought equitable tolling nor presented evidence of due diligence and extraordinary circumstances that would warrant the application of equitable tolling. As such, Magistrate Judge Dancks correctly determined that Plaintiff's complaint was untimely and that Defendant's motion to dismiss should be granted.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' October 19, 2016 Report and Recommendation is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that the Commissioner's motion to dismiss is **GRANTED** and Plaintiff's complaint is **DISMISSED**; and the Court further

any relevant evidence in support of this assertion. *See Myer*, 2015 WL 224749, at *3 (finding that the plaintiff failed to rebut the presumption of receipt where her complaint was unverified, and she submitted no affidavits, declarations or other evidence showing that she did not receive the notice). Even assuming the notice was mailed on May 12, 2014, and received by Plaintiff's counsel on Saturday, May 17, 2014, Plaintiff's appeal was not filed until July 18, 2014, sixty-two days after receipt of the notice. As correctly noted by Magistrate Judge Dancks, Plaintiff has failed to provide any support for his argument that, since the notice was received on a weekend, the date of receipt for purposes of the filing requirement was Monday, May 19, 2014. As the court held in *Myer*, neither 42 U.S.C. § 405(g), nor 20 C.F.R. § 422.201(c), supports the position that, in the event the presumptive five day for receipt is a Saturday, Sunday, or holiday, the sixty-day limitation period begins to run on the next business day. *See Myer*, 2015 WL 224749, at *3.

Finally, the Court finds that Magistrate Judge Dancks correctly determined that Plaintiff neither sought equitable tolling nor presented evidence of due diligence and extraordinary circumstances that would warrant the application of equitable tolling. As such, Magistrate Judge Dancks correctly determined that Plaintiff's complaint was untimely and that Defendant's motion to dismiss should be granted.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' October 19, 2016 Report and Recommendation is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that the Commissioner's motion to dismiss is **GRANTED** and Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 11, 2017
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge